UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**YURI SHVARTSMAN,**

    Plaintiff,

v.

**PRESTIGE IMPORTS, INC.**, a Florida corporation,

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, YURI SHVARTSMAN ("Plaintiff"), by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby brings this action against Defendant, PRESTIGE IMPORTS, INC. (hereinafter referred to as "Defendant"). Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly employed by Defendant or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Miami-Dade County, Florida, and the Defendant is a Florida corporation who transacts business in Miami-Dade County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff is an individual residing in the County of Miami-Dade, State of Florida. Plaintiff became employed and hired by Defendant in or about 1999, and worked for Defendant as a Manager.

4. At all times material, Plaintiff was an employee of Defendant within the meaning of the FLSA.

5. The Defendant is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant was an employer as defined by 29 U.S.C. §203(d).

6. Plaintiff was an employee of Defendant and at all time relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

7. Throughout Plaintiff's employment with Defendant, Defendant were an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

8. At all times material, Defendant employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.  Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce so as to fall within the protections of the Act.

9. The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendant who worked on or after August 27, 2011, and who worked overtime hours but did not receive time-and-a-half wages for such overtime hours.

10. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which no provision were made by the Defendant to properly pay Plaintiffs for those hours worked in excess of Forty (40) hours within a work week.

11. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendant.

12. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant.

13. However, Defendant did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to them.

14. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and

custody of Defendant.

## COUNT I
## BREACH OF CONTRACT

15. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-4.

16. The elements of a breach of contract action in the 3rd DCA are: (1) the existence of a valid contract; (2) a breach thereof and damages; and (3) the action accrues at the time the contact is breached. *Collections, USA, Inc. v. City of Homestead*, 816 So.2d 1225, 1227 (Fla. 3d DCA 2002).

17. In or about January 2009, Defendant implemented an improper salary reduction of ten percent (10%) of Plaintiff's gross earnings citing an "economic downturn".

18. Not only was Plaintiff's base salary reduced by ten percent (10%), but his gross commissions earned were reduced by ten percent (10%) as well.

19. Such a reduction of Plaintiff's gross commissions is a material breach of the Parties' commission "Pay Plan". A copy of the "Pay Plan" is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages incurred by Plaintiff as a result of Defendant's breach of the commission "Pay Plan".

## COUNT II
## BREACH OF CONTRACT

20. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-4.

21. The elements of a breach of contract action in the 3rd DCA are: (1) the existence of a valid contract; (2) a breach thereof and damages; and (3) the action accrues at the time the contact is breached. *Collections, USA, Inc. v. City of Homestead*, 816 So.2d 1225, 1227 (Fla. 3d DCA 2002).

22. In or about January 2009, Defendant and Plaintiff entered into a binding oral contract, providing for repayment of the gross earnings reduction of ten percent (10%) in exchange for Plaintiff remaining in his position as Manager for Defendant.

23. The Parties had a clear understanding that the gross earnings reduction would be temporary and that Plaintiff would be repaid in full.

24. Despite entering into the said agreement, Defendant has breached the agreement by failing to repay Plaintiff for the gross earnings reduction of ten percent (10%).

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages incurred by Plaintiff as a result of Defendant's breach of the agreement.

## COUNT III
## PROMISSORY ESTOPPEL

25. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1-4.

26. The elements of The basic elements of promissory estoppel are set forth in

Restatement (Second) of Contracts § 90 (1979), which states:

(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

27. In or about January 2009, Defendant implemented an improper salary reduction of ten percent (10%) of Plaintiff's gross earnings citing an "economic downturn".

28. In reducing Plaintiff's salary, Defendant promised to Plaintiff that the reduction was a "short-term" solution to an economic downturn, and that the Defendant would reimburse Plaintiff, in full, for said reduction once the economy improved.

29. Defendant intimated to Plaintiff that said reduction would be for merely a matter of a few months.

30. Based upon Defendant's promises, Plaintiff decided to remain in his current position with the Defendant.

31. Despite such promises which were reasonably expected to induce action or forbearance on the part of Plaintiff, and whish actually did cause such action or forbearance, Defendant has failed to reimburse Plaintiff under this agreement.

32. Injustice can be avoided, in this instance, solely by the enforcement of the promise.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages incurred by Plaintiff as a result of Defendant's breach of the agreement.

## COUNT IV
## RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff, YURI SHVARTSMAN, re-alleges and incorporates herein the allegations contained in paragraphs 1-14.

34. In or about January 2009, Defendant implemented a salary reduction of ten percent (10%) of Plaintiff's gross earnings citing an "economic downturn".

35. Based upon information and belief, some, but not all salaried employees, were subject to a salary reduction.

36. Defendant's salary reduction was not a bona fide reduction as contemplated by the Fair Labor Standards Act.

37. Said reduction in Plaintiff's salary does not preserve Defendant's ability to assert an exemption to the Fair Labor Standards Act's overtime pay provision.

38. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess for Forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

39. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

40. As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

41. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay their counsel reasonable fees and costs, and pursuant to 29 U.S.C.

§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, YURI SHVARTSMAN, and those similarly situated to him who opt into this action, demand judgment against the Defendant for the following:

(a)   Unpaid overtime wages found to be due and owing;

(b)   An additional amount equal to the minimum overtime wages found to be due and owing as liquidated damages;

(c)   Prejudgment interest in the event liquidated damages are not awarded;

(d)   A reasonable attorney's fee and costs; and

(e)   Such other relief as the Court deems just and equitable.

## COUNT V
## FRAUD IN THE INDUCEMENT

42.   Plaintiff, YURI SHVARTSMAN, re-alleges and incorporates herein the allegations contained in paragraphs 1-4.

43.   The elements of Fraud in the Inducement in the 3rd DCA are: (1) the representor made a misrepresentation of a material fact; (2) the representor knew or should have known of the falsity of the statement; (3) the representor intended that the representation would induce another to rely and act on it; and (4) the plaintiff suffered injury in justifiable reliance on the representation.

44.   In or about January 2009, Defendant implemented a salary reduction of ten percent (10%) of Plaintiff's gross earnings citing an "economic downturn".

45.   In reducing Plaintiff's salary, Defendant made false representations of material

facts, specifically, that the reduction was a "short-term" solution to the economic downturn, and that the Defendant would reimburse Plaintiff, in full, for said reduction once the economy improved.

46. At the time the statements were made, Defendant knew that they were false and that they did not intend to make the salary reduction short-term or to repay the reduction when the economy improved.

47. By making these statements to Plaintiff, Defendant intended that the statements would induce Plaintiff to remain in his position despite having other employment opportunities.

48. Based upon said misrepresentations, Plaintiff remained in his position with Defendant and suffered damages in reliance of Defendant's misrepresentations.

WHEREFORE, Plaintiff, YURI SHVARTSMAN, demands judgment against the Defendant for all actual and punitive damages incurred by Plaintiff as a result of Defendant's inducement.

## DEMAND FOR JURY TRIAL

49. Plaintiff demands a jury trial on all issues so triable.

DATED:  August 26, 2014

                                                MILITZOK LAW, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 4
Hollywood, Florida 33021
(954) 780-8228 - Telephone
(954) 791-4456– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993