## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**") is entered into this ___ day of May, 2015, between Plaintiff, YURI SHVARTSMAN ("Shvartsman"), an individual, and Defendant, PRESTIGE IMPORTS, INC. ("**Prestige**"), a Florida Corporation with its principal place of business located at 14800 Biscayne Blvd, North Miami Beach, Florida 33181. The Plaintiff and Defendant are referred to collectively as the "**Parties**."

## RECITALS

**WHEREAS**, Shvartsman began working for Prestige as a car salesman in 1999, and was subsequently promoted and remained Prestige's Sales Manager from 2006 to February 2014;

**WHEREAS**, Shvartsman, as a Sales Manager, was paid a monthly salary of between One Thousand Dollars ($1,000.00) and One Thousand Five Hundred Dollars ($1,500.00), plus commission, in addition to bonuses received directly from Audi, Prestige's car manufacturer, during the relevant time to this Agreement;

**WHEREAS**, on or about January 2009, Prestige proposed and Shvartsman accepted a ten per cent (10%) reduction in compensation in light of the economic downturn of the automotive industry as a whole, and Prestige's business in particular;

**WHEREAS**, Shvartsman left Prestige on or about February 28, 2014;

**WHEREAS**, Shvartsman subsequently commenced a lawsuit in the United Stated District Court for the Southern District of Florida, Case No. 14-cv-23140 ("Lawsuit"), alleging that: (i) Prestige violated the Fair Labor Standards Act by reducing his compensation by 10% which entitled him to overtime pay under the statute, (ii) Prestige breached his Pay Plan Agreement; (iii) breached an oral contract to reinstate his pay to pre-recession levels; (iv) promissory estoppel, and (v) fraud in the inducement;

WHEREAS, Prestige denies all of the allegations in the Lawsuit as well as any wrongdoing in connection with Shvartsman's employment.

WHEREAS, to avoid the expense, uncertainty and inconvenience of protracted litigation, the Parties wish to resolve all matters between them on the terms and conditions described herein.

NOW, THEREFORE, in consideration of Ten Dollars and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Recitals true and correct.** The above recitals are true and correct.

2. **No Admission.** This Agreement shall not be deemed as an admission by either of the Parties of any fact asserted in the Lawsuit, liability, or violation of any state, federal, and local statute, regulation, or ordinance.

3. **Payment by Defendants.** Prestige agrees to pay to Shvartsman the total sum of Forty Two Thousand Five Hundred Dollars ($42,500.00) (the "**Settlement Amount**"), which shall be paid within ten (10) days from the execution of this Agreement, with payment as follows:

    a. One (1) check made payable to YURI SHVARTSMAN, in the amount of Twenty Two Thousand Eight Hundred and Seventy-Five Dollars ($22,875.00), in compensatory damages;

    b. One (1) check made payable to YURI SHVARTSMAN, in the amount of Seven Thousand Six Hundred and Twenty-Five Dollars ($7,625.00), in unpaid wages; and

    c. One (1) check made payable to Militzok Law, P.A., in the amount of

Twelve Thousand Dollars ($12,000.00), in attorneys' fees and costs.

4. **Dismissal with prejudice.** Upon Prestige's compliance with Sections 3, counsel for the Parties shall execute, file, and seek the Court's approval of a Stipulation for Dismissal with Prejudice of all claims brought or could have been brought or asserted in the Lawsuit. Each party shall bear its own respective attorney's fees and costs. The Court shall retain jurisdiction solely to enforce the terms of this Agreement.

5. **Release.** Excepting only the obligations imposed by this Agreement:

Shvartsman has remised, released and forever discharged Prestige, and by these presents does, for himself, his heirs, successors and/or assigns, remise, release, acquit, satisfy and forever discharge Prestige, its affiliates, subsidiaries, officers, directors, employees, successors and/or assigns, executors, personal representatives, and attorneys, of and from all, and all manner of action and actions, cause and causes of action, suit, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity which Shvartsman ever had, now have, or which the Plaintiffs, or each of their successors and/or assigns, hereafter can shall or may have for, upon or by reason of any matter, cause or thing whatsoever, arising out of or relating to his employment with Prestige, from the beginning of the world to the day of the date of this Agreement.

6. **Confidentiality.** The Parties covenant and agree to keep the terms of this Agreement Confidential and shall not disclose the same to any third-party without the explicit written authorization of the non-disclosing party or as otherwise ordered by a Court of Law.

7. **Non-Disparagement.** The Parties agree that they will not disclose any information concerning this Agreement to anyone, except for their respective counsel, tax

accountant, spouses or except as may be required by law or agreed to in writing by the non-disclosing party. The Parties shall not make any disparaging remarks of any sort or otherwise communicate any disparaging comments about each other to any third party at any time following the execution of this Agreement. Notwithstanding the above, nothing in this provision shall prevent or prohibit any Party from testifying in any legal proceeding, including at deposition, hearing or trial, from cooperating in good faith in any governmental investigation or action, or from making any report required by law.

8. **Authority**. The Parties to this Agreement acknowledge they have the authority to execute this Agreement and that this Agreement shall be binding on each of the persons and entities executing this Agreement.

9. **Representation By Counsel**. Each of the Parties represents to the other that it is represented by independent counsel, and that it has consulted with such counsel prior to executing this Agreement; that it is signing this Agreement freely and voluntarily, and is satisfied with its attorney's representation in this matter.

10. **Complete Settlement**. Each of the Parties acknowledges that, by settlement of this Case, it is waiving every claim that each had, has, or could have raised against the other both in this Case and in any separate case that it could have filed against the other over the subject matter.

11. **Entire Agreement**. Except as expressly provided, this Agreement constitutes the entire agreement and understanding between the Parties hereto with respect to the subject matter herein and supersedes and merges all prior oral and written agreements, discussions and understandings between the Parties with respect thereto, and none of the Parties shall be bound by any conditions, inducements or representations other than as expressly provided for herein.

12. **Time Is Of The Essence**.  Time is of the essence of each and every obligation to be performed by the Parties under the terms of this Agreement.  All references to "days" within this Agreement shall be calendar days unless otherwise specifically stated.

13. **Disputes, Governing Law, Venue, Attorneys' Fees**.  Any dispute arising out of or in connection with this Agreement shall be governed by the law of the State of Florida, and any action commenced concerning this Agreement shall be brought in the Lawsuit upon motion and hearing.  The Parties agree that the prevailing party to enforce this Agreement shall be entitled to reimbursement of its attorney's fees and costs at the trial and appellate levels.

14. **Headings**.  The captions and paragraph numbers appearing in this Agreement are inserted only as a matter of convenience and do not define, limit, construe or describe the scope or intent of such paragraphs of this Agreement or in any way affect this Agreement.

15. **Counterparts; Electronic Signatures**.  This Agreement may be executed in two or more counterparts, the sum of which will be deemed one original.  Emailed signatures shall be deemed equivalent and as enforceable as originals.

16. **Amendments**.  No amendments to this Agreement shall be effective unless signed by all Parties and in writing.

**IN WITNESS WHEREOF**, the Parties have signed this Agreement with the intent to be legally bound by its provisions.

[The parties' signatures are on the following page]

Dated: May 21, 2015.

**PLAINTIFF:**

_____
**Yuri Shvartsman**, in his individual capacity


**DEFENDANT:**

**Prestige Imports, Inc.**
a Florida corporation


By: _____
         Brett David, President

Dated: May ____, 2015.

        **PLAINTIFF:**

        _____
        **Yuri Shvartsman**, in his individual capacity

        **DEFENDANT:**

        **Prestige Imports, Inc.**
        a Florida corporation

        By: _____
              Brett David, President